ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAY 19 2006
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM WONG and MADELANE C. WONG | § | |
| Plaintiffs, | § | CIVIL NO. 06-404 T |
| v. | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs William Wong and Madelane C. Wong ("Plaintiffs" or the "Wongs") are citizens of the United States of America whose address is 220 Boylston St., Boston, MA, 02116.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1997)

5. William Wong and Madelane C. Wong filed a timely joint federal income tax return for calendar year 1997 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-8779 and XXX-XX-7853.

6. William Wong was a limited partner in Travertine Flame Associates ("TFA"), a California limited partnership.

7. TFA dissolved and terminated.

8. On October 17, 2003, the Wongs filed with the IRS a claim in the amount of $12,134.00 for refund of tax due to the loss they realized on the termination of TFA.

9. The Wongs asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. TFA was an AMCOR partnership which was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1984 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. Plaintiffs have been advised that the IRS has agreed to allow a capital loss equal to the adjustment to their basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon final termination of the partnership interest in 1994 with the unused loss carried over to 1997.

F. The basis adjustment and loss recognized is $57,269.00.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

I. The entire loss should be allowable in 1994 as an ordinary loss based on Rev. Rul. 93-80, but the claim is restricted to capital loss treatment in acquiescence to the position the IRS has taken that capital losses will be allowed. In the alternative, Plaintiffs asserted in their claim that if the claim is denied for any reason, the claim should be treated as an alternative claim for the greater resulting refund in 1994, which the Internal Revenue Service has denied.

10. Over six (6) months have elapsed since the Wongs filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

11. The Wongs are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO
(Calendar Year 1997)

12. William Wong and Madelane C. Wong filed a timely joint federal income tax return for calendar year 1997 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-8779 and XXX-XX-7853.

13. William Wong was a limited partner in TFA.

14. TFA dissolved and terminated.

15. On April 15, 2004, the Wongs filed with the IRS a re-executed alternative claim in the amount of $12,134.00 for refund of tax due to the loss they realized on the worthlessness of TFA bad debt loss.

16. On May 19, 2004, the IRS denied the Wongs' claim.

17. In addition to and in the alternative to the October 17, 2003 claim, the Wongs asserted the following grounds for recovery in their April 15, 2004 refund claim, which are restated as follows:

A. TFA was an AMCOR partnership which was the subject of §6226 and §6228 litigation.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1984 losses.

C. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and carryover basis in the

promissory note held by the general partners for distribution to the limited partners and a resulting loss upon the worthlessness of that note, which loss is the basis of this claim for refund.

D. The statute of limitations under §6411(d) for a bad debt loss is seven (7) years and this claim was timely filed within seven (7) years of the original return.

E. Plaintiffs have been advised that the IRS has agreed to allow a capital loss equal to the adjustment to their basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized as a capital loss upon worthlessness of the note held for distribution to them.

F. The basis adjustment and loss recognized is $57,269.00.

G. The increase in the basis in the partnership interest and note resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

18. Over six (6) months have elapsed since the Wongs filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

19. The Wongs are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT THREE
(Calendar Year 1998)

20. William Wong and Madelane C. Wong filed a timely joint federal income tax return for calendar year 1998 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-8779 and XXX-XX-7853.

21. William Wong was a limited partner in Ranchco California Partners II ("RCP2"), a California limited partnership.

22. RCP2 dissolved and terminated.

23. On October 17, 2003, the Wongs filed with the IRS a re-executed alternative claim in the amount of $17,583.00 for refund of tax due to the loss they realized on the termination of RCP2.

24. The Wongs asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. RCP2 was an AMCOR partnership which was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1986 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. Plaintiffs have been advised that the IRS has agreed to allow a capital loss equal to the adjustment to their basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the taxpayers did not sell their partnership interest, this claim is based on the same increase in basis recognized as a capital loss upon final termination of the partnership interest.

F. The basis adjustment and loss recognized is $82,987.00.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

I. The entire loss should be allowable in 1998 as an ordinary loss based on Rev. Rul. 93-80, but Plaintiffs have restricted this claim to capital loss treatment in acquiescence to the position they understand the IRS has taken that capital losses will be allowed in the termination years. In the alternative, the 1998 claim amount should be $33,849.00 despite the IRS contingency denial of ordinary loss treatment.

25. Over six (6) months have elapsed since the Wongs filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

26. The Wongs are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs William Wong and Madelane C. Wong pray for judgment against the Defendant the United States of America in the amount of $29,717.00, or alternatively for $45,983.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)